FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREY ANDREW S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 2:24-CV-00315-SAB <br><br><br> **ORDER REVERSING DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Maren Ann Miller Bam. The Commissioner is represented by Jacob Peter Phillips, David Burdett, and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 7, the Commissioner's Brief, ECF No. 14, and Plaintiff's Reply Brief, ECF No. 15.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision.

//

//

//

**ORDER REVERSING DECISION OF COMMISSIONER ~ 1**

## I.  Jurisdiction

On October 4, 2018, Plaintiff filed an application for supplemental security income, alleging disability beginning November 1, 2012.[1] Plaintiff's application was denied initially and on reconsideration. Plaintiff appealed the denial to this Court, which remanded the denial, finding the ALJ erred in discounting Pliantiff's chronic abdominal pain. The ALJ held a second hearing on August 18, 2022, and again denied Plaintiff's application for benefit, and Plaintiff appealed. The parties stipulated to a remand.

On July 11, 2024, ALJ held a hearing in Spokane, Washington. Plaintiff appeared and was represented by counsel, Maren Miller Bam. Thomas Polsin, a vocational expert appeared and testified as well. The next day the ALJ issued a partially favorable decision, finding Plaintiff disabled from October 4, 2018 through April 13, 2020, with medical improvement commencing on April 14, 2020. Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on February 13, 2023. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

## II.  Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that

---

[1] At the 2024 hearing, Plaintiff amended his alleged onset date to the protected filing date of October 4, 2018.

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 2

exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained

**ORDER REVERSING DECISION OF COMMISSIONER ~ 3**

basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

**ORDER REVERSING DECISION OF COMMISSIONER ~ 4**

An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the July 11, 2024 hearing, Plaintiff testified that typically he has minor pain in his stomach that comes in waves throughout the whole day. Usually, toward the later of the day, it starts to get a little worse, and then if he lays down, the pain significantly goes up. He maintains a strict diet. If he eats the wrong food, the pain starts and he experiences a flare-up, which includes diarrhea and cramping. Sometimes it gets so bad, it is hard to breath and talk. Major flareups happen about once a month, minor flareups about once a week, which causes him to feel like crap and it is hard to move. He takes about two or three showers a day once the pain starts getting severe. He takes medication and marijuana, which helps relieve the pain instead of hydrocodone. He explained that if he starts having a flareup, he will need to go to the bathroom about 10 or 12 times a day, lasting between 3 – 30 minutes.

//

**ORDER REVERSING DECISION OF COMMISSIONER ~ 5**

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 2815-2834.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 4, 2018, the alleged amended onset date. AR 2823.

At step two, the ALJ identified the following severe impairments that existed from October 4, 2018 through April 13, 2020: obesity, Crohn's disease, ulcerative colitis, and asthma. AR 2824.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 2824-25. Ultimately, the ALJ concluded that Plaintiff has a residual functional capacity ("RFC") to perform:

> a full range of light as defined in 20 CFR 416.967(b) except: he could frequently balance, stoop, kneel, crouch, and crawl; he could occasionally climb ramps or stairs; he could never climb ladders, ropes, or scaffolds; he could not have concentrated exposure to extreme cold, vibration or pulmonary irritants; he could not have exposure to hazards, (e.g., unprotected heights, moving mechanical parts); he could have no exposure to hazards (e.g. unprotected heights, moving mechanical parts); he would need ready access to a restroom and an allow to take a three-to-five-minute break every hour to use the restroom; he could perform simple and detailed, but not complex, tasks; he would be capable of simple decision-making; and he would be absent from work approximately two times per month on an unpredictable, unscheduled basis.

AR 20.

At step four, the ALJ found that Plaintiff was no past relevant work. AR 2829.

The ALJ found Plaintiff was under disability, as defined by the social Security Act, from October 4, 2018 through April 13, 2020. AR 2829.

The ALJ then found that Plaintiff was not disabled beginning April 14, 2020 because medical improvement occurred. AR 2830. The ALJ concluded that as of

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 6

April 14, 2020, Plaintiff's functional capacity for basic work activities increased so that he now has the residual functional capacity to perform:

> A full range of light work as defined in 20 CFR 416.967(b) except: he could frequently balance, stoop, kneel crouch, and crawl; he could occasionally climb ramps or stairs; he could never climb ladders, ropes, or scaffolds; he could not have concentrated exposure to extreme cold, vibration, or pulmonary irritants; he could have no exposure to hazards (e.g. unprotected heights, moving mechanical parts); he could need ready access to a restroom and an allowance to take a three- or five-minute break every hour to use the restroom; he could perform simple and detailed, but not complex tasks; and he would be capable of simple decision-making.

AR 2830-31.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including Housekeeping, Cleaner Attendant, Cafeteria Attendant, and Assembler, Small Products. Consequently, the ALJ found that Plaintiff was not disabled. AR 2834.

## VI. Issues on Appeal

1. Whether the ALJ properly rejected Plaintiff's subjective complaints from April 13, 2020, onward.

2. Whether substantial evidence supports the ALJ's finding of medical improvement.

## VII. Discussion

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. It concluded there was no evidence suggesting that Plaintiff had marked side effects from his painkillers, and the frequency and dosage of his pain medication had been relatively low. The ALJ noted Plaintiff did not make any complaints after April 2020 about experiencing significant pain. The ALJ speculated that because Plaintiff did not require more

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 7

aggressive treatment this suggests Plaintiff did not feel the need for such treatment, which in turn, seemingly indicates his symptoms are not as problematic as he alleges. He found that after April 2020, Plaintiff would not be absent from work multiple days per month. Notably, Plaintiff has not required any emergency department visits for colitis or other emergent treatment for flares since October 2019.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ's decision that Plaintiff is no longer disabled as of April 13, 2020 is not supported by substantial evidence. The record does not demonstrate that medical improvement occurred to the extent found by the ALJ. It failed to properly consider the combined effects of Plaintiff's impairments. Instead, the record is clear that Plaintiff is not able to sustain competitive employment, given the documented need for hourly restroom breaks, the impact of fatigue and the likelihood of absenteeism due to Plaintiff's chronic pain.

The record shows that although Plaintiff had improvements with

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 8

medications, he continued to report aching pain in the areas of the sigmoid colon, and generally reported an average pain level of 6 or 7/10 through at least July 22, 2022. The ALJ frequently relied upon examination findings that were unrelated to Plaintiff's reported pain as a basis to discredit Plaintiff's subjective complaints. Also, the ALJ selectively relied on isolated periods of symptom stability to discredit Plaintiff's allegations. Whereas treatment notes one month would indicate an improvement in abdominal pain and bowel urgency, by the next month, Plaintiff's symptoms worsened. The record demonstrates that Plaintiff's symptoms fluctuate to include periods of manageability as well as disruptive flareups. The fact that Plaintiff did not experience hospitalizations in no way detracts from his chronic symptoms that prevent him from engaging in full-time employment.

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony that he cannot engage in full time work and in turn, erred in finding that medical improvement occurred after April 2020. The record demonstrates ongoing chronic pain despite treatment at least two years after the time that the ALJ considered Plaintiff's medical situation to be improved. Plaintiff maintained pain management care from July 2020 to July 2022 for constant pain with intermittent flares. He was treated with opioid therapy.

Additionally, the ALJ failed to include in the RFC the need for hourly restroom breaks, which could last up to 30 minutes. According to the VE, this would make it impossible for Plaintiff to meet the demands of competitive employment.

Finally, the ALJ failed to address Plaintiff's chronic fatigue, which causes Plaintiff to have to take rests multiple times per day, would preclude full-time employment, and failed to address Plaintiff's daily use of marijuana to manage his pain. As such, the ALJ's conclusion that Plaintiff is not disabled from April 2020 is not supported by substantial evidence.

//

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 9

## VIII. Conclusion

Here, the record is fully developed, and further proceedings would not serve any useful purpose. *Garrison*, 759 F.3d at 1020. The ALJ failed to provide legally sufficient reasons to reject Plaintiff's testimony. Instead, the record fully supports Plaintiff's statements that he is unable to sustain full-time employment, even after April 20, 2020. As such, it is proper to remand for an award of immediate benefits. *Id.*

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 7, and Reply Brief, ECF No. 15, are **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 14, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 9th day of June 2025.



Stan Bastian
Chief United States District Judge

ORDER REVERSING DECISION OF COMMISSIONER ~ 10